UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED HOUSE OF PRAYER FOR
ALL PEOPLE, ST. PAUL FIRE &
MARINE INSURANCE COMPANY,

      Plaintiff,

v.                                                                              Case No. 02-75131

UNITED BUILDING CONTRACTORS, INC.,                HONORABLE AVERN COHN
JACO CONSTRUCTION SERVICES, INC.,
HELLEBUYCK MECHANICAL, INC.,
WESTERN WATERPROOFING COMPANY,
WOOTEN HEATING & COOLING, INC., HILL
CONTRACTING COMPANY, J&M ASPHALT
PAVING COMPANY, CEMENT IT, INC.,

      Defendant.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION.**

**I. Introduction.**[1]

This is a negligence case arising out of a construction contract for a church

building.  Plaintiffs United House of Prayer for All People and St. Paul Fire & Marine

Insurance Company (plaintiffs) have sued numerous contractors for damages arising

out of a fire at the church building.  In February, 2006, the Court entered a Decision and

Order[2] granting defendant J&M Asphalt Paving Company's (J&M) motion for summary

judgment on the grounds that the plaintiffs' amended complaint adding J&M as a

---

[1] Plaintiffs request oral argument on the motion.  The request is denied.

[2] A more detailed recitation of the facts is in this decision and order.

defendant violated the statute of repose.  The statute of repose places a six year time limit on actions against contractors for improvements to real property from the date of occupancy.  M.C.L. § 600.5839(1).  J&M's argument that the complaint violated the regular three year statute of limitations for negligence actions, M.C.L. § 600.5805(10), was rejected because the parties had complied with the notice of non-party fault rule, M.C.R. 2.112(K)(3), and the Michigan Tort Reform Act (MTRA), M.C.L. § 600.2957(2). The MTRA permits the addition of parties outside the normal limitations period if the action against the original party was filed timely.

Plaintiffs filed a timely motion for reconsideration.[3]

## II.  Analysis.

### A.

Plaintiffs cite a recent opinion by the Michigan Supreme Court holding that the six year statute of repose for actions against architects, engineers, and contractors overrides the more general statute of limitations for such actions, thus adopting a six year statute of limitations for these claims.  Ostroth v. Warren Regency, G.P., L.L.C., 474 Mich. 36 (2006).  Essentially the statute is one of repose and limitation.

Plaintiffs make two arguments in their motion for reconsideration.  First, plaintiffs say Ostroth requires that the Court re-calculate the statute of limitations, as the three year statute of limitations no longer applies to this action.  Instead, the statute of limitations for all actions against contractors is six years from the date of occupancy,

---

[3] Defendant Jaco Construction Services (Jaco) filed an identical motion for reconsideration, even though it was not involved with the original motion.  Jaco appears to have filed the motion because it has an indemnity claim against J&M.  Because the motions are identical, this opinion will refer only to the plaintiffs' motion.

use, or acceptance of improvements.  M.C.L. § 600.5805(14) (which references the statute of repose as the statute of limitation).  Plaintiffs say the Court's conclusion in its previous consideration of the statute of limitations issue would not change, as the Court already determined that the MTRA extended the statute of limitations to permit plaintiffs' claims against J&M.

Second, plaintiffs say Ostroth means that the statute of repose is not what it purports to be in some instances.  Plaintiffs say Ostroth holds that where a claim accrues within six years of the date of occupancy, the statute of repose is a statute of limitations.  Plaintiffs also cite O'Brien v. Hazelet & Erdal, which held that the statute of repose "acts as a statute of limitations" for actions accruing within six years of occupancy, use, or acceptance of the completed work, but that a claim never existed if the injury is sustained more than six years from such occupancy, use or acceptance. 410 Mich. 1, 15 (1980)  Plaintiffs say since their claims accrued within six years of first use of the building, the statute of repose acts as a statute of limitations and is subject to limitations-lengthening mechanisms like the MTRA.  Plaintiffs say the six year limit is a "period of limitation" subject to the MTRA which extends the time period for filing claims against entities named as non-parties at fault under Ostroth and O'Brien.  Plaintiffs say their compliance with the MTRA should permit the claims against J&M to survive the statute of repose just as it did the statute of limitations as described in the February, 2006, Decision and Order.

**B.**

While the statute of repose may function as a statute of limitations in some cases, that does not mean it is a "period of limitation" subject to the MTRA.  Ostroth

3

dealt with a plaintiff who filed a malpractice suit against an architect just over two years after the occupancy, use or acceptance of the improvement designed by the architect. Though the suit violated the typical malpractice statute of limitations of two years, the Ostroth court found that a specific statute of limitations for actions against architects, engineers and contractors, M.C.L. § 600.5805(14), referred to M.C.L. § 600.5839(1), the six year statute of repose. The Ostroth court concluded that the six year statute of repose is also the statute of limitations for all claims against architects, engineers, and contractors regardless of the basis of relief, thus the plaintiff's suit survived. Survival of the Ostroth plaintiff's claim did not, however, depend on the application of the MTRA or otherwise implicate the repose function of the statute of repose.

Unlike the present case, O'Brien dealt only with claims that accrued after the six year statute of repose had expired.[4] Here plaintiffs' claims accrued early in the six year period. In a footnote, the O'Brien court recognized that for "a plaintiff whose injury occurred and whose right of action thus vested shortly before expiration of the six-year period, the statute arguably might deny due process by failing to afford a reasonable time within which suit may be brought," but refused to consider this scenario because the court had no such case before it. 410 Mich. at 15 n.18. Implicit in this footnote is the recognition that the statute of repose bars claims that accrue within the six year if they are brought beyond the six year limit. Thus, while the statute of repose *acts* like a statute of limitations, it is still a statute of repose.

---

[4] O'Brien dealt primarily with whether the statute of repose violated the due process rights of individuals harmed more than six years after occupancy, use or acceptance of improvements, who were barred from suing at all.

4

Unlike normal limitations periods that are only statutes of limitation, the six year period in this case is also a statute of repose.  Unlike a statute of limitation, a statute of repose is not subject to the discovery rule or another non-fixed means of tolling a limitation period.  What <u>Ostroth</u> did was clarify the statute of limitations for cases against architects, engineers, and contractors.  That clarification gave life to certain cases regardless of what statute of limitations was typically applicable to the claim as long as a plaintiff sued within six years of the date of occupancy, use, or acceptance of improvement.

The inaugural church service was held in the building on July 11, 1998.  Plaintiffs sued J&M in May, 2005, almost seven years later.  The statute of repose bars plaintiffs' claims against J&M.

### III.  Conclusion.

Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

　　　　　　　　　　　　s/Avern Cohn
　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　(313) 234-5160

5