UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED HOUSE OF PRAYER FOR
ALL PEOPLE, for the use and benefit
of ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    Plaintiffs,

v.                                                      Case No. 02-75131

UNITED BUILDING CONTRACTORS, INC.,       HONORABLE AVERN COHN
JACO CONSTRUCTION SERVICES, INC.,
HELLEBUYCK MECHANICAL, INC.,
WESTERN WATERPROOFING COMPANY,
WOOTEN HEATING & COOLING, INC., HILL
CONTRACTING COMPANY, J&M ASPHALT
PAVING COMPANY, CEMENT IT, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFFS'
<u>MOTION FOR CLARIFICATION</u>**

**I. Introduction.**

This is a negligence case arising out of a construction contract for a church building. The parties are as follows.

Plaintiffs:

(1)    United House of Prayer for All People (United House), a non-profit organization with its principle place of business in Washington, DC, which owns and operates a church building in Detroit, Michigan;

(2)    St. Paul Fire and Marine Insurance Company (St. Paul), a Minnesota insurance company.

Defendants:

(1)  United Building Contractors, Inc. (United Builders), a North Carolina general contractor hired by House of Prayer to perform work on the church building;

(2)  Jaco Construction Services (Jaco), a North Carolina construction subcontractor;

(3)  Hellebuyck Mechanical, Inc. (Hellebuyck), a Michigan subcontractor in the area of heating and air conditioning installation, construction, and repair;

(4)  Cement It, Inc. (Cement), a Michigan subcontractor in the area of cement patching;

(5)  Wooten Heating and Cooling (Wooten), a Michigan subcontractor in the area of heating and air conditioning installation, construction, and repair;

(6)  Hill Contracting (Hill), a Michigan subcontractor in the area of wall and duct work patching and grouting;

(7)  J & M Asphalt Paving Co. (J&M), a Michigan subcontractor performing paving, patch blocking for duct work, and sealing.

In its Fourth Amended Complaint, plaintiffs assert state law negligence claims against each defendant, and a state law claim for breach of implied warranty against United Builders.[1]

In February, 2006, the Court entered a Decision and Order[2] granting defendant J&M Asphalt Paving Company's motion for summary judgment on the grounds that the plaintiffs' amended complaint adding J&M as a defendant violated the statute of repose. The statute of repose places a six year time limit on actions against contractors for improvements to real property from the date of occupancy. M.C.L. § 600.5839(1). J&M's argument that the complaint violated the regular three year statute of limitations

---

[1] Jurisdiction in this Court is proper due to the diversity of the parties, 28 U.S.C. § 1332.

[2] A more detailed recitation of the facts is in this decision and order.

for negligence actions, M.C.L. § 600.5805(10), was rejected because the parties had complied with the notice of non-party fault rule, M.C.R. 2.112(K)(3), and the Michigan Tort Reform Act (MTRA), M.C.L. § 600.2957(2).  The MTRA permits the addition of parties outside the normal limitations period if the action against the original party was filed timely.

Plaintiffs filed a motion for reconsideration, which was denied in March, 2006. Now before the Court is plaintiffs' motion for clarification in which plaintiffs ask the Court to strike Hellebuyck's amended notice of non-party fault.  For the reasons stated below, the motion is DENIED.

## II.  Analysis.

### A.  Introduction.

Since filing the initial complaint, plaintiffs have filed numerous amended complaints with leave of the Court adding additional defendants.  Each new defendant became known when an existing defendant filed a notice of non-party fault.  Plaintiffs added the following defendants on the following dates with the filing of an amended complaint:

| | | |
|---|---|---|
| Hellebuyck | December 18, 2003 | First Amended Complaint |
| Wooten | July 19, 2004 | Second Amended Complaint |
| Hill | May 19, 2005 | Third Amended Complaint |
| J&M | May 19, 2005 | Third Amended Complaint |
| Cement | September 23, 2005 | Fourth Amended Complaint |

Jaco noted Hellebuyck's possible liability, Hellebuyck noted Wooten's, Hill's and J&M's possible liability, and J&M noted Cement's possible liability, all by filing a notice

of non-party fault pursuant to M.C.R. 2.112(K).

### B.  Plaintiffs' Argument.

The Court granted J&M's motion for summary judgment because the Third Amended Complaint was filed outside the statute of repose.  Hellebuyck filed a notice of non-party fault naming J&M and plaintiffs filed the Third Amended Complaint naming J&M simultaneously.  Plaintiffs say the Third Amended Complaint only served to add J&M, and, because the Third Amended Complaint violated the state of repose, the notice of non-party fault violated the statute of repose.  Plaintiffs say the Court should strike the notice of non-party fault naming J&M and prevent any party from arguing for, or the fact finder from apportioning, liability to J&M from its negligence, if any, for the damage to the church building.

### C.  Resolution.

The MTRA states:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

...

(3)...If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

M.C.L. §600.2957.

Despite the fact that J&M cannot be included as a party, its role still must be considered by the trier of fact to apportion liability among all responsible parties, as

4

each party pays only its percentage of fault. The MTRA "generally eliminated joint liability in tort actions, creating statutory provisions for the allocation of fault among all those liable for the plaintiff's injury or death, including nonparties to an action." Holton v. A+ Ins. Assoc., Inc, 255 Mich App. 318, 322 (2003). "[T]he fault of a nonparty may not be considered unless a defendant gives timely notice of the claim pursuant to MCR 2.112(K)." Holton, 255 Mich. App. at 322.

Hellebuyck's notice naming J&M was filed late. But plaintiffs previously argued that a late notice of non-party fault can be filed with the Court's permission, as Hellebuyck did, and, in such situations, the notice is considered to have been filed timely.[3] The Court agreed with plaintiffs, and its position has not changed. The notice of non-party fault naming J&M must remain. Even though J&M cannot be a party to plaintiffs' claim or a defendant's counter claim due to the statute of repose, J&M's possible liability must be considered by the fact finder to apportion liability.

s/ Avern Cohn
AVERN COHN
Dated: April 11, 2006  UNITED STATES DISTRICT JUDGE
Detroit, Michigan

---

[3] M.C.R. 2.112(K)(3)(c) states that "the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party."